UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GREGORY R. SOUTHERN,<br><br>      Plaintiff,<br><br>    vs.<br><br>THE BOEING COMPANY NON-UNION LONG-TERM DISABILITY PLAN (PLAN 625) and AETNA LIFE INSURANCE COMPANY, a foreign corporation,<br><br>      Defendants. | Case No.:<br><br>COMPLAINT |

TO THE DEFENDANTS:

The Plaintiff, Gregory R. Southern, by and through his attorneys, Nelson Blair Langer Engle PLLC, based upon information and belief alleges the following:

## I.     PARTIES, JURISDICTION, AND VENUE

1.1    Plaintiff Gregory R. Southern ("Plaintiff") is a resident of Sammamish, King County, Washington.

1.2    At all times relevant, Plaintiff was a participant as defined by ERISA, 29 U.S.C., *et. seq.*, in Defendant The Boeing Company Non-Union Long Term Disability Plan (Plan 625) (hereinafter the "Plan")

1.3    Defendant, THE BOEING COMPANY NON-UNION LONG-TERM

COMPLAINT – 1
File Number: 202427

LAW OFFICES OF
NELSON BLAIR LANGER ENGLE PLLC
1015 NE 113th Street
Seattle, Washington 98125
206/623-7520

1   DISABILITY PLAN (PLAN 625) (hereinafter the "Plan"), is a part of The Boeing Company Master Welfare Plan administered by Defendant Employee Benefit Plans Committee and sponsored by Defendant The Boeing Company. At all relevant times, the Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1). At all relevant times, the Plan offered, *inter alia*, disability benefits to The Boeing Company employees, including Plaintiff, through an insurance policy issued and administered by Defendant Aetna Life Insurance Company.

1.4   Defendant, AETNA LIFE INSURANCE COMPANY (hereinafter "Aetna"), is a foreign corporation doing business in Washington, whose primary place of business is located in the state of Connecticut. At all times relevant herein the Plan contracted with Defendant Aetna as to the determination, claim administration, and payment of disability benefits to Boeing employees, such as Plaintiff.

1.5   At all relevant times, Aetna was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. 1002(21), in that Aetna acted as a claims fiduciary for the Plan, and exercised authority and control over the payment of disability benefits. Aetna is also the "appropriate named fiduciary" of the LTD Plan as described in 29 C.F.R. § 2560.503-1(h)(1).

1.6   Jurisdiction of this Court arises pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1). This Court also has Federal question jurisdiction under 28 U.S.C. § 1331. In addition, the matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy-five Thousand Dollars ($75,000.00); as such, this Court also has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

1.7   Under ERISA §502(e)(2), 29 U.S.C. § 1132(e)(2), venue is proper in this District because the breach took place in King County, Washington.

COMPLAINT – 2
File Number: 202427

LAW OFFICES OF
NELSON BLAIR LANGER ENGLE PLLC
1015 NE 113th Street
Seattle, Washington 98125
206/623-7520

## II. FACTUAL ALLEGATIONS

2.1    Plaintiff, Gregory R. Southern, was employed as a Director of Supply and Product by Boeing, located in Tukwila, Washington, until approximately May 9, 2007. Plaintiff's position as a high-level executive for Boeing required constant worldwide travel.

2.2    During the time of Plaintiff's employment by Boeing, Plaintiff became eligible to receive disability benefits, and premiums were paid to Defendants in consideration for disability coverage. At all times relevant herein the Plan contracted with Defendant Aetna as to the determination, claim administration, and payment of disability benefits to Boeing employees such as Plaintiff.

2.3    Plaintiff became afflicted with a disabling illness while he was employed by Boeing.

2.4    Plaintiff was diagnosed with severe, frequent and intractable bouts of diarrhea and severe fecal incontinence, bloody stools, cyclical perianal abscesses, constant foul smelling anal seepage, anal fistulas, and diabetes.

2.5    All of Plaintiff's conditions are physical and/or organic disabling diseases for which there is no known cure.

2.6    Plaintiff is unable to work because he is disabled due to his medical conditions.

2.7    Plaintiff is eligible to receive long-term disability benefits as an employee of Boeing, until he reaches the age of 65 years.

2.8    Plaintiff was paid Short Term Disability benefits from August 21, 2007 through November 7, 2007, due to his medical conditions.

2.9    Plaintiff was then paid Long Term Disability benefits from November 8, 2007 through November 7, 2009.

COMPLAINT – 3
File Number: 202427

LAW OFFICES OF
NELSON BLAIR LANGER ENGLE PLLC
1015 NE 113th Street
Seattle, Washington  98125
206/623-7520

2.10   Defendants, on October 12, 2009, terminated Plaintiff's Long Term Disability benefits, asserting that Plaintiff was capable of performing sedentary occupations with reasonable accommodations of having a work station "near-by a restroom and/or access to a restroom for frequent or immediate need."

2.11   Plaintiff, on June 7, 2010, filed a partial appeal relating to the October 12, 2009 denial of his Long Term Disability benefits.  Plaintiff, on July 15, 2010, submitted additional documents in support of his appeal.

2.12   On July 29, 2010, Plaintiff advised Defendant Aetna that he had been found disabled by the Social Security Administration.  On August 5, 2010, Plaintiff faxed and mailed the Social Security Administration's Notice of Decision-Fully Favorable and Order Of Administrative Law Judge dated July 28, 2010 to Aetna requesting that Aetna consider the Social Security Administration's Decision and Order in its review.

2.13   On August 30, 2010, Defendant Aetna denied Plaintiff's appeal and notified him that if he disagreed with its determination, he could file a civil action.  Of note is the fact that Defendant Aetna did <u>not</u> include the Social Security Administration's Notice of Decision-Fully Favorable and Order Of Administrative Law Judge dated July 28, 2010 in its final appeal review.  However, Defendant Aetna did state in its denial letter:

> We understand that Mr. Southern has recently been approved for Social Security Disability (SSD) benefits.  However, our disability determination and the SSD determination are made independently and are not always the same.  The difference between our determination and the SSD determination may be driven by the Social Security Administration (SSA) regulations.  For example, SSA regulations require that certain disease/diagnoses or certain education or age levels be given heavier or even controlling weight in determining whether an individual is entitled to SSD benefits.  Or, it may be driven by the fact that we have information that is different from what SSA considered.  **We have not been provided with the basis for the SSD determination, and the evidence that was relied on for the SSD determination has not been identified to us.**

COMPLAINT – 4
File Number: 202427

LAW OFFICES OF
NELSON BLAIR LANGER ENGLE PLLC
1015 NE 113th Street
Seattle, Washington  98125
206/623-7520

> Therefore, even though Mr. Southern has been awarded SSD benefits, we are unable to give it significant weight in our determination, and we find that he is no longer eligible for LTD benefits based on the plan definition of Totally Disabled as quoted above.

(Emphasis added.) As is stated in ¶2.12 above, Defendant Aetna was provided with the Social Security Administration's Notice of Decision-Fully Favorable and Order Of Administrative Law Judge on August 5, 2010.

2.14   As a result of Aetna's actions, Plaintiff filed suit on September 30, 2010, in the United States District Court for the Western District of Washington, Cause No. *2:10-cv-01569.*

2.15   In August of 2011, the parties settled Plaintiff's dispute for back benefits, Plaintiff was placed back on claim by Aetna, and the case was dismissed.

2.16   Just months after settling the case and placing Plaintiff back on claim, on October 10, 2011, Aetna began re-reviewing Plaintiff's eligibility for continued monthly benefits.

2.17   By letter dated April 17, 2012, Aetna again terminated Plaintiff's claim with a termination date of April 17, 2012.

2.18   Plaintiff appealed Aetna's denial by letters dated October 12, 2012, and December 5, 2012.

2.19   On May 3, 2013, Plaintiff notified Aetna that his claim was deemed denied as it had been 149 days since he appealed the April 17, 2012 denial on December 5, 2012, and Aetna had not responded in the 90 day time period required by the Department of Labor regulations concerning ERISA. Aetna's continued efforts to terminate Plaintiff's claim proves the futility of the process in this case as evidenced by Aetna's failure to respond to Plaintiff's reasonable inquiries and appeal in a timely manner.

COMPLAINT – 5
File Number: 202427

LAW OFFICES OF
NELSON BLAIR LANGER ENGLE PLLC
1015 NE 113th Street
Seattle, Washington 98125
206/623-7520

1   2.20   On May 22, 2013, Aetna reinstated Plaintiff's benefits effective April 17, 2012,
2  and issued payment of back benefits from that date through April 30, 2013, and reinstated
3  Plaintiff's monthly benefits.

4   2.21   By separate letter, dated May 22, 2013, Aetna then requested that Plaintiff
5  attend an insurance medical exam by Dr. Paul Darby located in Tacoma, Washington on June
6  3, 2013.

7   2.22   On May 24, 2013 Plaintiff confirmed that he would attend the insurance
8  medical exam accompanied with a medical nurse.

9   2.23   On June 3, 2013, Plaintiff arrived for the exam, and Dr. Darby refused to
10  conduct the exam with an observer present even though no objection to the nurse attendance
11  had been raised by Aetna previously.  Aetna's actions caused further delay in the handling of
12  Plaintiff's claim.

13   2.24   Plaintiff's insurance medical exam was rescheduled for July 1, 2013, and
14  Plaintiff attended.

15   2.25   By letter dated July 17, 2013, Aetna sent Plaintiff a copy of the insurance
16  medical exam report that stated that there "was no reasonable medical explanation for a
17  claimed inability to work fulltime."  Aetna's letter and accompanying insurance medical
18  examination report constituted a denial of Plaintiff's claim.

19   2.26   By letter dated August 15, 2013, Plaintiff submitted an appeal response from
20  Dr. Lin in response to the insurance medical exam.  Dr. Lin stated that he disagreed with the
21  findings of Dr. Darby.

22   2.27   By letter dated August, 16, 2013, Aetna again denied Plaintiff's claim asserting
23  among other things that Plaintiff owned a restaurant and had not reported earnings from the

COMPLAINT – 6
File Number: 202427

LAW OFFICES OF
NELSON BLAIR LANGER ENGLE PLLC
1015 NE 113th Street
Seattle, Washington  98125
206/623-7520

1  restaurant to Aetna even though Plaintiff was not responsible for the day to day operations of

2  the business, which is managed by his son Greg Southern II. Among other things, in its denial

3  letter, Aetna requested copies of Plaintiff's tax returns.

4      2.28   In its denial letter, Defendant Aetna made the following claims regarding

5  Plaintiff's continued receipt of SSD benefits from the SSA:

6  > We understand that you have been approved for Social Security Disability (SSD) benefits. However, our disability determination and the SSD determination are made independently and are not always the same. As you are aware, we approved your claim for LTD benefits on November 8, 2007 and encouraged you to apply for Social Security Disability (SSD)benefits through the Social Security Administration (SSA.) <u>We asked you to do this not only because your plan requires that *you* apply for other income benefits for which you may be eligible, but also because there are advantages to you if you are approved for SSD benefits</u>. At that time we had medical and vocational information which indicated that you were totally disabled and it appeared that you would be eligible for SSD benefits either for a closed period or an indefinite period.
>
> Since that time, we have updated your LTD claim record, as explained earlier. We received additional medical records from your providers. We have had these and other medical records reviewed by qualified medical consultants. We have also reviewed and considered the information provided relating to your approval for SSD benefits. (please refer to the list of documents on page 2 of your letter for a complete itemization of the records we have considered.) This review shows that the information that was relied on to approve your claim for SSD benefits differs significantly from the information we now have concerning your claim. For this reason, we have given the fact that you are receiving SSD benefits little weight in our determination of whether you are eligible for LID benefits under the plan.

18      2.29   By letter dated August 26, 2013, Plaintiff informed Aetna of his intent to submit

19  further appeal documents and requested a full and complete copy of his claim file.

20      2.30   Defendant Aetna responded to Plaintiff's request for the claim file, but failed to

21  acknowledge Plaintiff's appeal.

22      2.31   On March 15, 2014, Plaintiff submitted his third appeal letter in response to the

23  August 2013 denial, which included Plaintiff's 2012 tax returns, and stated that Plaintiff would

COMPLAINT – 7
File Number: 202427

LAW OFFICES OF
NELSON BLAIR LANGER ENGLE PLLC
1015 NE 113th Street
Seattle, Washington  98125
206/623-7520

submit his 2013 tax returns upon completion.

2.32 Defendant Aetna never responded to Plaintiff's third appeal letter contrary to ERISA's requirement of a meaningful dialogue and shows the futility of the claims handling process in this case.

2.33 On April 9, 2014, Plaintiff submitted additional information in support of his appeal.

2.34 Defendant Aetna never responded to Plaintiff's fourth appeal letter contrary to ERISA's requirement of a meaningful dialogue and shows the futility of the claims handling process in this case.

2.35 By letter dated April 21, 2014, Plaintiff submitted additional documents in support of his claim.

2.36 By letter dated April 22, 2014, Defendant Aetna contended that it would not review Plaintiff's claim because it alleged that Plaintiff's "appeal was not received in a timely manner" and as such his "claim remains closed at this time and is not subject to further review." However, Defendant Aetna failed to acknowledge that Plaintiff had already submitted appeal documents in August of 2013. In addition, Plaintiff had substantially complied with the appeal deadlines, unlike Defendant Aetna who had previously exceeded the ERISA governed deadline to render a decision on appeal, by 55 days, one year earlier in 2012 when it failed to review Plaintiff's last appeal in a timely fashion.

2.37 By letter dated May 6, 2014, Plaintiff notified Aetna that its decision not to fully and fairly review Plaintiff's claim was in violation of its fiduciary duties under ERISA. Plaintiff also notified Aetna that it had misidentified Plaintiff as the manager and day to day operator of a family business, which is actually run by his son with the same name, and

COMPLAINT – 8
File Number: 202427

LAW OFFICES OF
NELSON BLAIR LANGER ENGLE PLLC
1015 NE 113th Street
Seattle, Washington 98125
206/623-7520

constitutes further evidence of the futility of the claims handling process. Plaintiff further reminded Aetna that he had actually complied with ERISA's requirement of notifying Aetna of an appeal, and further that Aetna did not consider Plaintiff's prior communications in August and September of 2013 to constitute an appeal, his appeal documents in March and April substantially complied with the 180 day deadline.

2.38   Defendant Aetna was not prejudiced by any alleged late filing of appeal documents, if any, and its decision to not consider evidence submitted to it for the reason that it was untimely should be contrasted with Aetna's failure to comply with ERISA requirements on Plaintiff's appeal in 2012 wherein it violated DOL regulations by not rendering a decision for 149 days. Plaintiff did not file suit and allowed Aetna to conduct its late review.

2.39   By letter dated May 14, 2014, Defendant Aetna again refused to consider the documents submitted by Plaintiff in support of his claim proving the futility of the claims handling process.

2.40   Plaintiff presented Defendant with objective medical proof of his disability, supported by his treating and examining physicians, and Defendants refused to consider the evidence in a full and fair manner.

2.41   Plaintiff has sustained severe economic and emotional damages as a result of Defendants' actions.

### III.   CLAIMS FOR RELIEF

### FIRST CLAIM – TO ENFORCE RIGHT TO BENEFITS UNDER ERISA

Plaintiff readopts and realleges all of the foregoing allegations set forth in this Complaint, and, in addition, alleges the following:

3.1   The disability benefits provided by Aetna, and complained of herein, stem from

COMPLAINT – 9
File Number: 202427

LAW OFFICES OF
NELSON BLAIR LANGER ENGLE PLLC
1015 NE 113th Street
Seattle, Washington 98125
206/623-7520

1  an "employee welfare benefit plan" or a "welfare plan," as defined in 29 U.S.C. §1001, *et seq*.
2  ("ERISA").

3      3.2    Plaintiff alleges that Aetna wrongfully denied his benefits contrary to the
4  medical, forensic, testimonial, and vocational evidence contained in the record.  Aetna also
5  ignored the findings and determination made by the Social Security Administration.

6      3.3    Aetna's breach of duties owed to Plaintiff proximately caused damage to
7  Plaintiff, and these damages were a natural and foreseeable consequence of Aetna's wrongful
8  conduct.

9      3.4    Plaintiff has the express right and standing under ERISA to bring a cause of
10 action against Aetna to enforce his rights and recover the benefits due him under the terms of
11 his disability coverage, and to clarify his rights to future benefits under the terms of the LTD
12 policy.

13     3.5    Pursuant to WAC 284-96-012, *Murray v. Anderson Bjornstad Kane Jacobs,*
14 *Inc.*, 2011 WL 617384 (W.D. Wash. 2011), and *Treves v. Union Sec. Ins. Co., LLC*, 2014 WL
15 325149 (W.D. Wash. 2014), Aetna's denial of Plaintiff's claim for long term disability benefits
16 is subject to *de novo* review by this Court.

### SECOND CLAIM: FOR ATTORNEYS' FEES AND COSTS
### PURSUANT TO ERISA §502(g)(1)

19     3.6    Pursuant to ERISA §502(g)(1), Plaintiff has the right to recover his reasonable
20 attorney fees, and the costs of this action against Defendants, should Plaintiff establish his
21 rights to recover the disability benefits denied him by Defendants.  The facts and circumstances
22 of the matter warrant an award of fees and costs to Plaintiff.

23 / / /

COMPLAINT – 10
File Number: 202427

LAW OFFICES OF
NELSON BLAIR LANGER ENGLE PLLC
1015 NE 113th Street
Seattle, Washington 98125
206/623-7520

# IV. PRAYER FOR RELIEF

4.1   WHEREFORE, Plaintiff prays for a judgment against Defendants in an amount that compensates Plaintiff for damages sustained, as follows, to the extent that they are not duplicative:

   A)   For an award of full benefits due Plaintiff under the ERISA plan, and an award of pre-judgment interest on any monetary award(s) rendered on Plaintiff's behalf; and further, an award of Plaintiff's reasonable attorneys' fees and costs incurred in this action;

   B)   For declaratory judgment that the Court enforce Defendants' continuing obligation owed the Plaintiff on his disability policy; and to restore Plaintiff to an inactive employee of Boeing so that he can receive employer – sponsored health insurance benefits.

   C)   For Plaintiff's costs and disbursements incurred by bringing these causes of action, along with pre-judgment interest and any other relief permitted by law, which the Court deems just and equitable.

4.2   In the alternative, Plaintiff prays for the Court to order Defendants to reopen the administrative claims review process for a full and fair evaluation of Plaintiff's claims.

DATED this 26th day of June 2014.

NELSON BLAIR LANGER ENGLE, PLLC

/s/ Frederick P. Langer
Frederick P. Langer, WSBA #25932
Nelson Blair Langer Engle PLLC
1015 N.E. 113th Street
Seattle, WA  98125
Telephone: (206) 623-7520//Facsimile: (206) 622-7068
FredL@nblelaw.com
Attorneys for Plaintiff

COMPLAINT – 11
File Number: 202427

LAW OFFICES OF
NELSON BLAIR LANGER ENGLE PLLC
1015 NE 113th Street
Seattle, Washington  98125
206/623-7520